IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALE A. GUILFOIL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 16-363-GMS |
| | ) |
| CORRECT CARE SOLUTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Dale A. Guilfoil ("Guilfoil"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983[1] alleging deliberate indifference to serious medical needs. (D.I. 3.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

**I. BACKGROUND**

Guilfoil began his incarceration on July 6, 2014. He has a spinal cord stimulator implanted in his lower back and uses a cane. When he was first seen at Sussex Correctional Institution ("SCI"), he informed the nurse about the stimulator, that he uses a cane, and was on a pain management regimen. On July 14, 2014, Guilfoil advised a physician that he needed to charge the battery of the stimulator and, on July 22, 2014, told a physician that he needed a stimulator charger. Guilfoil was told it was his responsibility to charge the battery and that he needed approval from security. Guilfoil's public defender stepped in to assist him with the issue. On August 5, 2014, Guilfoil was called to the medical office to use a borrowed charger, but the

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

battery would not take a charge. In the meantime, Guilfoil was ordered medication and received it initially, but it stopped in late July 2014. It appears he now receives it sporadically.

Guilfoil submitted numerous grievances regarding replacement of the battery He was told he would receive medication without interruption while at SCI (which did not happen), but would not receive surgery to replace the battery. He wants the court to decide who is responsible for paying for the surgery that is required to change the battery in the spinal cord stimulator. He also seeks compensatory and punitive damages.

Named as defendants are Correct Care Solutions ("CCS"), the Delaware Department of Correction ("DOC"), and Connections ("Connections"). Guilfoil named both CCS and Connections because he was told that CCS was leaving and that Connections would be taking over as the medical services provider.

## II. STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Guilfoil proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully


pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Guilfoil leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed,

however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

### A. Eleventh Amendment

The DOC, an agency of the State of Delaware, is named as a defendant. "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. *See Ospina v. Department of Corr.*, 749 F. Supp. 572, 579 (D. Del. 1991). Hence, as an agency of the State of Delaware, the DOC is entitled to immunity under the Eleventh Amendment.

Guilfoil's claim against the DOC has no arguable basis in law or in fact inasmuch as it is immune from suit. Therefore, it will be dismissed as a defendant pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and 28 U.S.C. § 1915A(b)(2).

### B.  Medical Service Provider

The complaint names CCS as a defendant because Guilfoil was not sure when it would be replaced by Connections. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir. 1978)). The court takes judicial notice that Connections took over general healthcare provider responsibilities for Delaware's inmate population on July 1, 2014 and that the general healthcare contract with CCS expired on June 30, 2014. *See* http://doc.delaware.gov/news/pdfs/14press0625.pdf (Sept. 10, 2016). The court takes further judicial notice that the transition of services took place during June 2014 when Connections and CCS worked together. *See id.*

CCS was not the medical care service provider during the relevant time-frame as alleged in the complaint. Therefore, the allegations against it are frivolous and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### IV. CONCLUSION

For the above reasons, the court will: (1) dismiss Correct Care Solutions and the Delaware Department of Correction as defendants based upon immunity from suit and legally frivolous claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) and § 1915A(b)(1) and (2); and (2) allow the plaintiff to proceed against Connections on the medical needs claim.

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

_Sept 15_, 2016
Wilmington, Delaware

6