IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALE A. GUILFOIL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 16-363-GMS |
| | ) |
| CONNECTIONS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM

The plaintiff, Dale A. Guilfoil ("Guilfoil"), an inmate at the Sussex Correctional Institution ("SCI"), Georgetown, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to serious medical needs. (D.I. 3.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

### I. BACKGROUND

Guilfoil began his incarceration on July 6, 2014. He has a spinal cord stimulator implanted in his lower back and uses a cane. When he was first seen at SCI, he informed the nurse about the stimulator, that he uses a cane, and was on a pain management regimen. On July 14, 2014, Guilfoil advised a physician that he needed to charge the battery of the stimulator and, on July 22, 2014, told a physician that he needed a stimulator charger. Guilfoil was told it was his responsibility to charge the battery and that he needed approval from security. Guilfoil's public defender stepped in to assist him with the issue. On August 5, 2014, Guilfoil was called to the medical office to use a borrowed charger, but the battery would not take a charge. In the meantime, Guilfoil was ordered medication and received it initially, but it stopped in late July 2014. It appears he now receives it sporadically.

1

Guilfoil submitted numerous grievances regarding replacement of the battery. He was told he would receive medication without interruption while at SCI (which did not happen), but would not receive surgery to replace the battery. He seeks declaratory relief and compensatory and punitive damages.

On September 15, 2016, the court screened the complaint and allowed Guilfoil to proceed against the medical care provider Connections ("Connections"). (D.I. 7, 8.) On May 24, 2017, Connections' entry of default was entered upon Guilfoil's request. (D.I. 13, 14.) Connections moves to vacate the entry of default and to dismiss the claims against it.[1] (D.I. 17, 21.) Guilfoil moves for default judgment. (D.I. 18.)

## II. DISCUSSION

### A. Entry of Default

Connections moves to set aside entry of default pursuant to Fed. R. Civ. P. 55(c) and, in turn, Guilfoil moves for default judgment. (D.I. 17, 18.) General counsel for Connections states in his affidavit that he did not recall the delivery of summons and complaint in the instant case and could not locate any communications with Connections' insurance broker and litigation counsel as is his usual practice. (D.I. 17-1 at 2.) When general counsel received the service packet on May 25, 2017 through interoffice mail, he immediately contact Connections' insurance broker and litigation counsel. (*Id.*)

Given the affidavit of Connections' general counsel, the court will grant the motion to set aside entry of default. (D.I. 17.) In addition, default judgment is not appropriate and, therefore,

---

[1] Connections initially moved to vacate entry of a default judgment, but in its response amended the motion to vacate entry of default, not default judgment. (*See* D.I. 21.)

the court will deny Guilfoil's motion for default judgment. (D.I. 18.) *See* Fed. R. Civ. P. 55(a), (b); *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (entry of judgment by default pursuant to Rule 55(b)(2) is within the discretion of the trial court); *Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp.*, 596 F. Supp. 2d 842, 847 (D.N.J. 2008) (entry of default judgment is disfavored as decisions on the merits are preferred.).

### B. Motion to Dismiss

Connections moves to dismiss for failure to state a claim. The court assumes it seeks dismissal pursuant to Rule 12(b)(6) even though Rule 12 is not mentioned in the motion. In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Guilfoil proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*,

550 U.S. at 555). The court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Connections seeks dismissal on the grounds that Plaintiff receives regular and recurring medical care and has failed to allege that a policy, practice, or custom caused his alleged harm. The legal standard when ruling on Rule 12(b)(6) motions is identical to the standard used when screening a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). The court previously reviewed Guilfoil's allegations and found that he stated what appear to be cognizable and non-frivolous claims. (*See* D.I. 7, 8). Nothing has changed since the court's ruling.

Nonetheless, the court has revisited the allegations, liberally construed them, as it must, and finds that Guilfoil adequately raises medical needs claims. Guilfoil has alleged what could

4

be considered a serious medical need. In order to hold Connections liable, Guilfoil must allege a policy or custom that demonstrates such deliberate indifference. *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989). "Custom, . . . can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Miller v. Correctional Med. Sys., Inc.*, 802 F. Supp. 1126, 1132 (D. Del. 1992) (alteration in original) (citing *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990); *Fletcher v. O'Donnell*, 867 F.2d 791, 793-94 (3d Cir. 1989)). Guilfoil's allegations are that care and/or required medication is repeatedly delayed by Connections personnel. Construed liberally, the alleged conduct although not specifically endorsed or authorized, could be so well-settled and permanent to constitute a Connections policy, custom, or practice. Accordingly, the Court will deny the motion to dismiss for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

Based upon the above discussion, the court will: (1) grant Connections' motion to set aside entry of default (D.I. 17); (2) deny Connections' motion to dismiss (D.I. 17); and (3) deny Guilfoil's motion for default judgment (D.I. 18).

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

\_\_Jan 4\_\_, 2018
Wilmington, Delaware

5