IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DALE A. GUILFOIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 16-363-GMS |
| | ) | |
| CONNECTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

At Wilmington, this 8th day of Feb , 2018, having considered the plaintiff's motion request for a preliminary injunction (D.I. 23);

IT IS HEREBY ORDERED that the motion is **denied** (D.I. 23), for the following reasons:

The plaintiff Dale A. Guilfoil ("Guilfoil"), a prisoner incarcerated at the Sussex Correctional Institution ("SCI"), Georgetown, Delaware, filed a complaint pursuant to 42 U.S.C. § 1983 on May 16, 2016. (D.I. 3.) Pending before the court is Guilfoil's motion seeking injunctive relief to receive adequate pain medication. (D.I. 23.) The motion is opposed. (D.I. 28.)

A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("NutraSweet II"). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153.

1

Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services*, Inc., 287 F. App'x 142, 144 (3d Cir. 2008) (unpublished) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

Guilfoil seeks to enjoin Defendant Connections ("Connections"), and its successors, from stopping his pain medication until a spinal cord stimulator implanted in his back is replaced or he undergoes another medical procedure to stop or lesson his pain. Plaintiff provided a copy of a medical grievance he filed seeking pain medication or to have the stimulator battery replaced. (D.I. 23 at 7.) The investigator stated that he "spoke with Dr. Harris, 'according to American College of Physicians American Academy of Pain Management, I'm not writing for narcotics patient is on a Tramadol taper and has been ordered physical therapy consult." (*Id.*)

Connections' opposition contains the affidavit of Dr. Christopher Moen ("Dr. Moen"). (D.I. 28-1 at 2-5.) Dr. Moen states that Guilfoil receives pain medication and he was slowly weaned off some pain medication. Medical records indicate Guilfoil is currently prescribed Neurontin, Mobic, Lidocaine, Elavil, and Robaxin. Dr. Moen states these medications are appropriate alternatives to Tramadol. In addition, onNovember 21, 2017, Guilfoil was seen by an outside physician for pain control recommendations which included a sacroiliac joint injection and surgical removal of the spinal cord simulator following Guilfoil's release from SCI. Guilfoil received the injection on December 14, 2017. Dr. Moen states that the treatments provided to Guilfoil are reasonable and medically appropriate.

Upon review of the motion, the response, and exhibits submitted by the parties, the court concludes that Guilfoil has not demonstrated the likelihood of success on the merits. "[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment

2

provided is reasonable. *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (unpublished) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000)). Here, it is evident that Guilfoil disagrees with the treatment provided. However, it is undisputed the treatment is reasonable and medically appropriate.

Guilfoil has not produced evidence of irreparable harm. Nor does the record support a likelihood of success on the merits. Inasmuch as he has failed to demonstrate the necessary requisites for injunctive relief, the court will deny Guilfoil's motion.

_____
UNITED STATES DISTRICT JUDGE